**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone   713 999 5228
fax        713 999 1187

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARTIN TROTTIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIELDCORE SERVICES SOLUTIONS, LLC, and GRANITE SERVICES INTERNATIONAL, INC.,<br><br>Defendants. | **Case No. 2:20-cv-00077**<br><br>**Plaintiff's Original Complaint for Damages**<br><br>1. **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**<br>2. **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Order 16-2001)**<br>3. **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001)**<br>4. **Violations of record keeping requirements (CAL. LAB. CODE § 226)**<br>5. **Waiting time penalties (CAL. LAB. CODE § 203)**<br>6. **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)**<br>7. **Failure to pay overtime wages under NYLL (NYLL, art. 19, § 650, *et seq.*)**<br>8. **Failure to provide proper annual wage notices under NYLL (NYLL, art. 6, § 195(1))**<br>9. **Failure to provide accurate wage statements under NYLL (NYLL, art. 6, § 195(3))** |

## SUMMARY

1. Plaintiff Martin Trottier works for Defendant FieldCore Service Solutions International, LLC (FieldCore), which recently rebranded from Defendant Granite Services International, Inc. (Granite).

2. The nature of Trottier's working relationship with Defendants is that of an employer-employee, and he is entitled to the benefits of an employee under the FLSA, California law, and New York law.

3. Trottier works overtime while working for Defendants.

4. Defendants pay Trottier the same hourly rate for all hours worked including those in excess of 40 in a workweek.

5. Defendants do not pay Trottier a salary.

6. Defendants do not guarantee Trottier a salary.

7. Defendants do not pay Trottier overtime.

8. Trottier and the other hourly employees are similarly situated for the purposes of the FLSA, California law, and New York law.

9. Trottier seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA, California law, and New York law.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

11. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

13. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because Trottier worked for Defendants in this District and Division.

## PARTIES

14. Trottier has worked for Defendants as a Technical Advisor since January of 2017.

PARMET PC

15. Throughout his employment with Defendants, Trottier has been paid the same hourly rate for all hours worked including those in excess of 40 in a workweek.

16. Trottier's consent to be a party plaintiff is attached as Exhibit A.

17. Trottier brings this action on behalf of himself and all other similarly situated workers were paid under Defendants' straight time for overtime system, regardless of job title, except for Environment, Health, and Safety (EHS) employees.

18. Defendants did not pay these workers overtime for all hours that they worked in excess of 40 hours in a workweek, as required by the FLSA.

19. Trottier represents at least three classes of similarly situated co-workers.

20. First, Trottier represents a class of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class is defined as:

> **All employees of FieldCore and Granite (except for EHS employees) in the past three years who were paid "straight time for overtime."**

21. Second, Trottier represents a class of similarly situated hourly employees under the California Labor Code pursuant to Federal Rule of Civil Procedure 23. The California Class is defined as:

> **All employees of FieldCore and Granite (except for EHS employees) in the past four years working in California who were paid "straight time for overtime."**

22. Third, Trottier represents a class of similarly situated hourly employees under the New York Labor Law (NYLL) pursuant to Federal Rule of Civil Procedure 23. The New York Class is defined as:

> **All employees of FieldCore and Granite (except for EHS employees) in the past six years working in New York who were paid "straight time for overtime."**

23. Collectively, the FLSA Class Members, California Class Members, New York Class Members are referred to as the "Class Members."

24. FieldCore is a foreign limited liability company authorized to do business in California.

25. FieldCore conducts business in a systematic and continuous manner throughout California, including this District and Division.

26. FieldCore may be served by serving its registered agent, **CT Corporation System, 818 Seventh St., Ste. 930, Los Angeles, CA 90017**, or by any other method authorized by law.

27. Granite is a foreign for-profit corporation authorized to do business in California.

28. Granite conducts business in a systematic and continuous manner throughout California, including this District and Division.

29. Granite may be served by serving its registered agent, **CT Corporation System, 818 Seventh St., Ste. 930, Los Angeles, CA 90017**, or by any other method authorized by law.

30. Due to the relationship between Gramite and FieldCore, these entities were joint employers for the purposes of the FLSA. *See* 29 C.F.R. § 791.2.

## COVERAGE UNDER THE FLSA

31. For at least the past three years, FieldCore and Granite have been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. For at least the past three years, FieldCore and Granite have been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33. For at least the past three years, FieldCore and Granite have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as construction equipment, laptops, and cell phones—that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

34. For at least the past three years, Trottier and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

35. FieldCore is a subsidiary of General Electric (GE).

36. Granite recently re-branded as FieldCore.

37. FieldCore is a newly formed company bringing together the field service resources from Granite and GE Power Services into one field services organization.

38. Defendants provide field services and technical and support services for the power generation and oil and gas industries.

39. Trottier is one of these employees.

40. Trottier has worked for Defendants since January of 2017.

41. Trottier performed work for Defendants in California, Texas, New York, and Montana.

42. Defendants primarily staff Trottier to its parent company GE and to NRG Energy, Inc.

43. Defendants pay Trottier by the hour.

44. Trottier was and is paid $50 for each approved hour he works.

45. Trottier reports the hours he worked to Defendants on a regular basis.

46. Trottier is not guaranteed a salary.

47. If Trottier works fewer than 40 hours, he is only paid for the hours he works.

48. Trottier regularly works over 40 hours.

49. For example, in the one-week period ending on August 30, 2019, Trottier worked 80 hours.

50. In that week, Trottier worked 40 hours of overtime.

51. Trottier was paid his regular rate of $50 for every hour he worked.

52. As shown, rather than receiving time and half as required by the FLSA, Trottier only received "straight time" pay for overtime hours worked.

53. Defendants' "straight time for overtime" payment scheme violates the FLSA.

54. Defendants were and are aware of the overtime requirements of the FLSA.

55. Defendants nonetheless fail to pay certain employees, such as Trottier, overtime.

56. Defendants failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

57. Numerous hourly employees have been victimized by this pattern, practice, and policy, which are in willful violation of the FLSA.

58. Many of these hourly employees have worked with Trottier and have reported that they were paid in the same manner and were not properly compensated for all hours worked, as required by the FLSA.

59. Thus, from Trottier's observations and discussions with these hourly employees, he is aware that the illegal practices or policies of Defendants have been imposed on a distinct group of hourly employees.

60. These employees were all paid straight time for overtime, and were not paid overtime compensation.

61. These hourly employees are victims of Defendants' unlawful compensation practices and are similarly situated to Trottier in terms of pay provisions and employment practices.

62. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the hourly employees.

63. Thus, Trottier's experiences are typical of the experiences of the hourly employees he seeks to represent.

64. The specific job titles or precise job locations of the various hourly employees does not prevent collective treatment.

65. Trottier has no interests contrary to, or in conflict with, the members of the FLSA Class Members, California Class Members, and New York Class Members. Like each member of the proposed classes, Trottier has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

66. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

PARMET PC

67. Absent this action, many FLSA, California, and New York Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA, California, and New York law.

68. Furthermore, even if some of the FLSA, California, and New York Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

70. The questions of law and fact common to each of the FLSA, California, and New York Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendants employed the FLSA, California, and New York Class Members within the meaning of the FLSA, California, and New York law;

    b. Whether the FLSA, California, and New York Class Members were exempt from overtime;

    c. Whether Defendants' decision to not pay overtime to the FLSA Class Members was made in good faith; and

    d. Whether Defendants' violation of the FLSA was willful.

71. Trottier's claims are typical of the FLSA, California, and New York Class Members. Trottier and the FLSA, California, and New York Class Members have sustained damages arising out of Defendants' illegal and uniform employment policy.

72. Trottier knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

73. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

74. All the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although

the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

75.     Trottier incorporates by reference all other paragraphs.

76.     Defendants have violated, and are violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating hourly employees straight time for overtime in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class Members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

77.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class Members overtime compensation.

78.     Defendants' failure to pay overtime compensation to these FLSA Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

79.     Accordingly, Trottier and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW

80.     Trottier incorporates by reference all other paragraphs.

81.     The California Labor Code requires that all employees, including Trottier and the California Class, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

82.     Despite working over 8 hours a day as part of their normal and regular shift, Trottier and the California Class did not receive any overtime compensation for all hours worked over eight in one day.

83.     The California Labor Code also requires that all employees, including Trottier and the California Class, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

84. Although Trottier and the California Class occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

85. The California Labor Code requires that all employees, including Trottier and the California Class, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Order 16-2001.

86. Although Trottier and the California Class regularly worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

87. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Trottier and the California Class to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

### THIRD CAUSE OF ACTION—FAILURE TO PROVIDE COMPENSATION FOR MISSED MEAL AND REST PERIODS

88. Trottier incorporates by reference all other paragraphs.

89. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Trottier and the California Class had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10-minute rest period for every four hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001.

90. Although the California Labor Code requires that all employees, including Trottier and the California Class, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Trottier and the California Class did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

91. As a pattern and practice, Defendants did and do not provide Trottier and the California Class with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

92. Although the California Labor Code requires that all employees, including Trottier and the California Class, receive a 10-minute rest period for every four hours worked, Trottier and the California Class did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

93. As a pattern and practice, Defendants did not provide Trottier and the California Class with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

94. Trottier and the California Class are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

95. Defendants' policy failed to provide Trottier and the California Class with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Trottier and the California Class in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

**FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS**

96. Trottier incorporates by reference all other paragraphs.

97. California Labor Code section 226 requires Defendants to keep accurate records regarding the rates of pay for their California employees and provide that information to Trottier and the California Class with their wage payment.

98. Because Defendants failed to pay Trottier and the California Class Members lawful wages, it did not maintain accurate records of Trottier and the California Class' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Trottier and the California Class with their wages.

99. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Trottier and the California Class to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

**FIFTH CAUSE OF ACTION—WAITING TIME PENALTIES**

100. Trottier incorporates by reference all other paragraphs.

101. At all relevant times, Defendants were required to pay Trottier and the California Class all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

102. As a result of Defendants' alleged California Labor Code violations, Defendants regularly failed to pay Trottier and the California Class their final wages pursuant to California Labor Code sections 201 to 204, and accordingly Defendants owe waiting time penalties pursuant to California Labor Code section 203.

103. The conduct of Defendants, in violation of Trottier and the California Class' rights, was willful and was undertaken by the agents, employees, and managers of Defendants.

104. Defendants' willful failure to provide Trottier and the California Class the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

105. Therefore, Trottier and the California Class who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

**SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW**

106. Trottier incorporates by reference all other paragraphs.

107. Defendants have engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

108. As a result of Defendants' failure to comply with federal and state law, Defendants have also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

109. The relevant acts by Defendants occurred within the four years preceding the filing of this action.

110. On information and belief, Defendants have engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Trottier and the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

111. Trottier and the California Class are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

112. Trottier and the California Class are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

113. Defendants are also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

### SEVENTH CAUSE OF ACTION—FAILURE TO PAY OVERTIME WAGES UNDER NYLL

114. Trottier incorporates by reference all other paragraphs.

115. The overtime provisions of the NYLL and its supporting regulations applies to Defendants and protect Trottier and the New York Class.

116. Defendants failed to pay Trottier and the New York Class the premium overtime wages to which they were entitled under the NYLL—at a rate of 1.5 times their regular rate of pay—for all hours worked beyond 40 per workweek.

117. Through its knowing or intentional failure to pay Trottier and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Defendants willfully violated the NYLL, Article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

118. Due to Defendants' violations of the NYLL, Trottier and the New York Class are entitled to recover from Defendants its unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

**EIGHTH CAUSE OF ACTION—FAILURE TO PROVIDE PROPER NYLL ANNUAL WAGE NOTICES**

119. Trottier incorporates by reference all other paragraphs.

120. Defendants have failed to furnish Trottier and the New York Class Members with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

121. Due to Defendants' violations of NYLL, Article 6, § 195(1), Trottier and the New York Class are entitled to statutory penalties of $50 each workday that Defendants failed to provide Trottier and the New York Class with annual wage notices, or a total of $5,000 each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

**NINTH CAUSE OF ACTION—FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS UNDER NYLL**

122. Trottier incorporates by reference all other paragraphs.

123. Defendants failed to supply Trottier and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

124. Due to Defendants' violations of NYLL, Article 6, § 195(3), Trottier and the New York Class are entitled to statutory penalties of $250 for each workday that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

**RELIEF SOUGHT**

125. Trottier prays for judgment against Defendants as follows:

   a. For an order certifying a class action under Rule 23 for the purposes of the claims under California law and New York law;

   b. For an order certifying this case as a collective action for the purposes of the FLSA claims;

   c. For an order finding Defendants liable for violations of state and federal wage laws with respect to Trottier and all Class Members covered by this case;

   d. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Trottier and all Class Members covered by this case;

   e. For a judgment awarding Trottier and all Class Members covered by this case their costs of this action;

   f. For a judgment awarding Trottier and all Class Members covered by this case their attorneys' fees;

   g. For a judgment awarding Trottier and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

   h. For all such other and further relief as may be necessary and appropriate.

Date:   January 3, 2020

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: ***/s/ Matthew S. Parmet***
    **Matthew S. Parmet**
    (CSB # 296742)
    matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  713 999 5228
fax      713 999 1187

**Attorneys for Plaintiff**