UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-77 PA (JCx) | Date | May 26, 2020 |
|---|---|---|---|
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS—ORDER TO SHOW CAUSE

    Before the Court is a Complaint filed by plaintiff Martin Trottier ("Plaintiff") on behalf of himself and a putative class and collective.  Plaintiff brings this action against defendants FieldCore Services Solutions, LLC and Granite Services International, Inc. ("Defendants") for paying "straight time for overtime" instead of paying overtime compensation for eligible hours worked.  (Dkt. 1 ¶¶20-22.)  The Complaint asserts claims for (1) violation of the Fair Labor Standards Act ("FLSA"), (2) failure to pay wages under California law, (3) failure to provide compensation for missed meal and rest periods, (4) violation of record keeping requirements, (5) waiting time penalties, (6) violation of unfair competition law, (7) failure to pay overtime wages under New York Labor Law ("NYLL"), (8) failure to provide proper NYLL annual wage notices, and (9) failure to provide accurate wage statements under NYLL.  The Complaint seeks to obtain relief on behalf of a California class, New York class, and FLSA collective.

    It appears that another action alleging similar FLSA claims has already been filed in the Northern District of Texas.  See Greinstein v. FieldCore Services Solutions, LLC, et al., Case No. 2:18-cv-00208-Z-BR (N.D. Tex.) (filed on November 2, 2018).  Notably, the plaintiff in Greinstein raises the same FLSA claim that Defendants have paid individuals "straight time for overtime."  See id. at Dkt. 87 (Second Amended Complaint) ¶10).  In the recently filed Joint 26(f) Report for this action, Defendants contend that the current opt-in plaintiffs were previously parties to the Greinstein case.  (Dkt. 31 at 4.)  Defendants argue this action constitutes a "second bite at the apple" "in which [Plaintiff] will seek to certify a much larger collective than the one the Greinstein court has thus far declined to conditionally certify."  (Id. at 6.)  The Court also notes that Defendants are represented by Seyfarth Shaw LLP in both actions, and it appears that plaintiff's counsel in Greinstein has also been representing Plaintiff in this action.  (See id.; Dkt. 10.)

    In light of the foregoing, the Court orders the parties to show cause, in writing not to exceed 15 pages, why this action should not be dismissed or transferred to the Northern District of Texas for the convenience of the parties and witnesses, in the interest of justice, and pursuant to the first-to-file rule.  See 28 U.S.C. §§ 1404, 1406.  To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-77 PA (JCx) | Date | May 26, 2020 |
|---|---|---|---|
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

1. What additional actions, aside from <u>Greinstein</u>, have been brought against the same defendants for the same or similar conduct in the United States District Court for the Central District of California ("Central District"), United States District Court for the Northern District of Texas ("Northern District of Texas"), or any other district court;

2. The similarity of the parties in each case, in particular whether Plaintiff seeks to represent a class/collective that is the same or similar to a class/collective in which the named plaintiffs in other previously pending cases seek to represent;

2. Whether this action could have been brought in the Northern District of Texas;

2. Whether venue is appropriate in the Northern District of Texas;

3. What contacts, if any, each of the parties has to the Central District and the Northern District of Texas;

4. Which alleged unlawful practices occurred within the Central District;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Northern District of Texas;

7. The ease of access to sources of proof in each of the two forums;

8. The expected difference in the cost of litigation in the Central District as compared to the Northern District of Texas; and

9. Whether there are any alternative forums, other than the Central District and the Northern District of Texas, that would be more convenient for this action, keeping in mind the inquiries above.

Plaintiff is ordered to file her Response to this Order no later than **June 9, 2020**. Defendants may file a Response no later than **June 16, 2020**. Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

IT IS SO ORDERED.