UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-77 PA (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

On May 26, 2020, the Court ordered the parties to show cause why this action should not be dismissed or transferred to the Northern District of Texas for the convenience of the parties and witnesses, in the interest of justice, and pursuant to the first-to-file rule.  (Dkt. 34 (citing 28 U.S.C. §§ 1404, 1406).)  Plaintiff Martin Trottier ("Plaintiff") filed a Response on June 9, 2020.  (Dkt. 40.)  Defendants FieldCore Services Solutions, LLC and Granite Services International, Inc. ("Defendants") filed a Response on June 16, 2020.  (Dkt. 41.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

**I.    Background**

Plaintiff alleges Defendants pay "straight time for overtime" instead of paying overtime compensation for eligible hours worked.  (Dkt. 1 ("Compl.") ¶¶20-22.)  Employees worked more than 8 hours a day and 40 hours in a week, but were paid the same hourly rate for all hours worked.  Plaintiff raises claims for: (1) violation of the Fair Labor Standards Act ("FLSA"), (2) failure to pay wages under California law, (3) failure to provide compensation for missed meal and rest periods, (4) violation of record keeping requirements, (5) waiting time penalties, (6) violation of unfair competition law, (7) failure to pay overtime wages under New York Labor Law ("NYLL"), (8) failure to provide proper annual wage notices under NYLL, and (9) failure to provide accurate wage statements under NYLL.  Plaintiff seeks relief on behalf of a California class, New York class, and FLSA collective.

When the parties filed a Joint Report pursuant to Federal Rule of Civil Procedure 26(f), they informed the Court of a related case filed on November 2, 2018 in the United States District Court for the Northern District of Texas, Greinstein v. Granite Services International, Inc. et al., Case No. CV 18-208 Z (BRx) (N.D. Tex.) ("Greinstein Action").  The Greinstein Action has the same defendants as this action: FieldCore Service Solutions, LLC and Granite Services International, Inc.  Both lawsuits raise the same allegations that Defendants pay employees "straight time for overtime" in violation of the FLSA.  (See GA Dkt. 1 ("Compl.") at ¶¶2-3 ("Defendants paid Greinstein, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek. This 'straight time for overtime' pay plan violates the overtime requirements of the FLSA."); GA Dkt. 87 ("SAC") ¶4;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-77 PA (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

TA Dkt. 1 ("Compl.") ¶¶15, 18, 52-53 ("Trottier has been paid the same hourly rate for all hours worked including those in excess of 40 in a workweek . . . rather than receiving time and half as required by the FLSA, Trottier only received "straight time" pay for overtime hours worked. Defendants' "straight time for overtime" payment scheme violates the FLSA.").)[1/] The Court ordered the parties to show cause why this action should not be dismissed or transferred to the Northern District of Texas for the convenience of the parties and witnesses, in the interest of justice, and pursuant to the first-to-file rule.

### II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); see also Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 965 (9th Cir. 1993). District courts have discretion to adjudicate motions for transfer of venue according to an "individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). A "transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989).

### III. Analysis

#### A. This Action Could Have Been Brought in the Alternative Forum

"Venue is proper in any judicial district where . . . a defendant resides, as long as all defendants are residents of the state in which the district is located." 28 U.S.C. § 1391(b)(1). A corporation or other entity "with the capacity to sue or be sued," such as Defendants, "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). The Northern District of Texas has already been exercising personal jurisdiction over Defendants in the related Greinstein Action. Defendants have stated that they do not dispute that venue is proper in the Northern District of Texas. (See GA Dkt. 35 (Answer); TA Dkt. 41 at 3.) Defendants have employed numerous individuals in Texas, including Plaintiff Trottier and all five of the opt-in plaintiffs, and Plaintiff now alleges these employees were subjected to unlawful "straight time for overtime" practices. The Court finds this evidence is sufficient to establish that Defendants could be deemed to reside in the Northern District of Texas such that this action could have been brought in that alternative forum.

---

[1/] "GA" refers to the Clerk's Record in Case No. CV 18-208 Z (BRx), also referred to as the Greinstein Action, and is followed by the applicable docket number. "TA" ("Trottier Action") refers to the Clerk's Record in this action, Case No. CV 20-77 PA (JCx), and is followed by the applicable docket number.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-77 PA (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

**B.      The Interests of Convenience and Justice Warrant Transfer**

The Court now considers whether transfer would be appropriate based on the interest of justice, and the convenience of the parties and witnesses. See 28 U.S.C. § 1404(a).  This includes considering a variety of factors: (1) judicial economy, (2) plaintiff's choice of forum, (3) convenience of the witnesses and parties, (4) relative ease of access to proof, (5) availability of compulsory process, (6) differences in the costs of litigation in the two forums, and (7) the state that is most familiar with the governing law. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); E. & J. Gallo Winery v. F. & P. S.P.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994).  The convenience of counsel is not a consideration. Id.  Rather than discussing all possible influences on the Court's decision, the Court will focus only on those factors that are of significance in this case.

### 1.      Plaintiff's Choice of Forum

A court generally gives the plaintiff's choice of forum "great weight" and there must be a "strong showing of inconvenience" to support a venue transfer.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  Plaintiff resides in the Eastern District of California and previously worked for Defendants in California.  Plaintiff seeks relief on behalf of a California class, New York class, and FLSA collective—and therefore intends to represent countless other employees residing across the nation.  However, "Plaintiffs' choice of forum carries less weight because this action is brought as a collective action and class action."  Ward v. Fluor Enters., 2011 U.S. Dist. LEXIS 24705, at *8 (N.D. Cal. Mar. 1, 2011) (transferring venue where overtime wage claims "relate[d] to work performed on projects in an array of locations across the country").  "Relevant authorities make clear that even where a plaintiff representing a class brings suit in his or her home forum, deference to such a plaintiff's choice of forum is considerably weakened due the representation of a broader class."  Id. at *8-9 (collecting cases); see also Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("When an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); Arreola v. Finish Line, 2014 U.S. Dist. LEXIS 170464, at *29 (N.D. Cal. Dec. 9, 2014) (transferring venue "in light of the fact that Arreola seeks to bring a class action on behalf of individuals dispersed throughout the state").  Therefore, Plaintiff's choice of forum is afforded less deference.

### 2.      Convenience of the Parties and Witnesses

"The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience."  Kannar v. Alticor, Inc., 2009 U.S. Dist. LEXIS 35091, at *4 (N.D. Cal. Apr. 9, 2009) (quotations and citation omitted).  Witnesses on both sides will have to travel out-of-town regardless of where the case is heard.  Four of Plaintiff's witnesses reside in California, but only one of them actually resides in this District.  Five of Plaintiff's witnesses reside in Texas, Georgia, Florida, New Mexico, and Tennessee.  Defendants anticipate calling witnesses from Georgia and Florida, where their headquarters are located.  And Defendants could potentially call

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 20-77 PA (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

witnesses from 30 different states where Plaintiff and the opt-in plaintiffs worked. For these reasons, this factor is neutral. See Madani v. Shell Oil Co., 2008 U.S. Dist. LEXIS 9626, at *7 (N.D. Cal. Jan. 30, 2008) (convenience of witnesses was a "neutral factor" because "[m]ost witnesses would have to travel out-of-town to get to the courthouse, regardless of whether or not this case is transferred."); Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., 2003 U.S. Dist. LEXIS 26802, at *12 (N.D. Cal. Oct. 14, 2003).

Both sides will also incur travel costs to litigate this action—regardless of whether this case is transferred. Plaintiff Trottier resides in Modesto, California in the Eastern District of California, so he will have to travel out-of-town to this District or the Northern District of Texas. (Dkt. 40 at 4; Dkt. 41 at 7.) He alleges that "the required travel will be significantly less in the Central District," but does not provide any additional information or evidence to support this allegation. Defendants have business locations in Georgia and Florida, so the Northern District of Texas would be significantly more convenient for them. The Court finds this factor is neutral.

### 3.     Ease of Access to Evidence

"Ease of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because 'advances in technology have made it easy for documents to be transferred to different locations.'" Byler v. Deluxe Corp., 222 F. Supp. 3d 885, 906-07 (S.D. Cal. 2016) (quoting Metz v. U.S. Life Ins. Co. v. City of New York, 674 F. Supp. 2d. 1141, 1148 (CD. Cal. 2009)). Plaintiff argues that the evidence in support of Plaintiff's California class claims "will, logically, be located in California" and that the "Northern District of Texas does not have any records regarding Trottier." (TA Dkt. 40 at 5.) But this argument oversimplifies the scope of the litigation and fails to acknowledge that key evidence for the New York class and FLSA collective may be located in Texas or other parts of the country. Moreover, Defendants state that "many of the records relevant to this case may be available electronically, such that access to them favors neither the Central District nor the Northern District of Texas over the other." (TA Dkt. 41 at 8.) Based on the evidence presented, this factor is neutral.

### 4.     Availability of Compulsory Process

"[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury, or most litigants." U-Haul Int'l, Inc. v. Hire a Helper, LLC, 2008 US. Dist LEXIS 81497, at *6 (D. Ariz. Sept. 22, 2008) (granting motion to transfer) (quotations and citation omitted). "While the Court's lack of a subpoena power may be solved through the use of deposition testimony, live testimony is preferred whenever feasible." Id. (quotations and citation omitted). "This factor, however, looks only to the availability of compulsory process to compel unwilling non-party witnesses to attend trial." Nat'l Prods. v. Wireless Accessory Solutions, LLC, 2018 U.S. Dist. LEXIS 60035, at *16 (W.D. Wash. Apr. 9, 2018) (citing Jones, 211 F.3d at 499).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-77 PA (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

Because Plaintiff is bringing a nationwide collective, a potential unwilling non-party witness could be located anywhere in the country. Therefore, the availability of compulsory process favors neither this District or the Northern District of Texas. Plaintiff alleges that he "does not expect that there will be non-party witnesses at the trial of this matter which Trottier will not be able to depose during the discovery process using his subpoena power. The majority of the witnesses are employees of Defendants and can be commanded to appear for trial." (TA Dkt. 40 at 5.) Accordingly, this factor is neutral. See Nat'l Prods., 2018 U.S. Dist. LEXIS 60035, at *17 ("This factor is either neutral or given little weight where there is no evidence that the witnesses at issue would be unwilling to appear in the transferee court.") (collecting cases).

### 5. State that is Most Familiar with the Governing Law

The Supreme Court has recognized that "federal judges routinely apply the law of a State other than the State in which they sit." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 67 (2013). "Although a federal court sitting in Texas may not be as familiar as this Court with California law, federal courts are adept at applying various state law claims . . . The resolution of this action will depend less on expertise in the law and more on the court's fact-finding function." Barnstormers, Inc. v. Wing Walkers, LLC, 2010 U.S. Dist. LEXIS 144232, at *9 (S.D. Cal. July 9, 2010); see also Nat'l Prods., 2018 U.S. Dist. LEXIS 60035, at *10-11 ("The court recognizes that federal courts are equally equipped to apply distant state laws when the law is not complex.") (quotations and citation omitted); Mendoza v. Microsoft, Inc., 1 F. Supp. 3d 533, 546 (W.D. Tex. 2014) ("a federal court sitting in Washington can adjudicate claims using Hawaii or California law and often do just that").

Plaintiff suggests that the Northern District of Texas could not, or would not, address his California state law claims. But Plaintiff fails to cite any case law in support of this allegation. "While complex or specialized law of the state of the transferor court weighs against transfer, California law is not especially complex or specialized." Barnstormers, Inc., 2010 U.S. Dist. LEXIS 144232, at *8-9 (citing Van Dusen v. Barrack, 376 U.S. 612, 645 (1964)). Therefore, this factor is neutral.

### 6. Interests of Justice

"[T]he 'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all the other factors point the other way." Madani, 2008 U.S. Dist. LEXIS 9626, at *12 (quotation and citation omitted). This includes considering factors such as promoting judicial economy, avoiding conflicting judgments, and discouraging forum shopping. See London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co., 1996 U.S. Dist. LEXIS 22893, at *8 (N.D. Cal. Aug. 14, 1996) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.") (citation omitted); Hawkins v. Gerber Prod. Co., 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-77 PA (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

There is significant overlap between this action and the Greinstein Action. As discussed above, both lawsuits involve the same Defendants and concern the same issue of whether Defendants unlawfully paid employees "straight time for overtime" in violation of FLSA. Both lawsuits allege similarities among all of Defendants' employees. (See GA Dkt. 34 at 4 ("Defendants' hourly employees who [sic] they paid straight time for overtime share a common employment experience, regardless of job duties, and are similarly situated."); TA Compl. ¶74 ("All the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.").) Several opt-in plaintiffs who were initially part of the Greinstein Action have opted out so that they can join this action. (See GA Dkt. 67, 79; TA Dkt. 30.) In addition, the same attorneys have appeared in both lawsuits: counsel for plaintiffs in both actions is Josephson Dunlap LLP, and counsel for defendants in both actions is Seyfarth Shaw LLP. Plaintiff's counsel has even agreed to jointly mediate both lawsuits, despite the fact that they were filed in different Districts. (See TA Dkt. 41 at 3.)

Based on these similarities, the Court concludes that transfer will further judicial economy and minimize the potential for inconsistent rulings. "Judicial resources are conserved when an action is adjudicated by a court that has already committed judicial resources to the contested issues and is familiar with the facts of the case." Madani, 2008 U.S. Dist. LEXIS 9626, at *7-8 (citation omitted). The Greinstein court has resided over Greinstein's claims for almost two years, has issued detailed orders regarding the merits of that case, and is more familiar with the underlying factual contentions that would be common to both actions. Thus, the Greinstein court is in the best position to efficiently resolve substantive issues raised in the present litigation, in a manner that is consistent with its prior orders in Greinstein. This is particularly important in light of the fact that the plaintiff in Greinstein recently filed a new motion for conditional certification that is currently pending before the court. (See GA Dkt. 97.) "This Court, in contrast, would have to invest significant time and resources to reach a similar level of familiarity. The interests of justice therefore strongly support transfer here." Madani, 2008 U.S. Dist. LEXIS 9626, at *8-9; see also Williams v. WinCo Foods, LLC, 2013 U.S. Dist. LEXIS 4185, at *23 (E.D. Cal. Jan. 9, 2013) (transferring venue when another court had overseen a substantially similar case for "nearly three years, heard discovery and evidentiary disputes as well as motions and delved deeply into the class certification issue, which required wrestling with the underlying claims and associated evidence.").

It also appears that Plaintiff's counsel may have engaged in forum shopping by filing this action with a new plaintiff after receiving an unfavorable certification ruling in the Northern District of Texas. On November 26, 2019, the Greinstein court denied without prejudice the proposed FLSA collective definition that encompassed all of Defendants' employees. (GA Dkt. 81.) Shortly thereafter, on January 3, 2020, Plaintiff filed the instant action and proposed a narrower collective definition. (Compare GA Dkt. 34 at 7 ("All field service employees of FieldCore and Granite Services who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single work week, (or, 'straight time for overtime') at any point in the past 3 years.") with TA Dkt. 1 at ¶20 ("All employees of

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-77 PA (JCx) | Date | August 3, 2020 |
| Title | Martin Trottier v. FieldCore Services Solutions, LLC et al. | | |

FieldCore and Granite (except for EHS employees) in the past three years who were paid 'straight time for overtime.'").)

The Court can reasonably draw an inference from these events that Plaintiff's counsel may have been engaged in forum shopping. See Alexander v. Franklin Res., Inc., 2007 U.S. Dist. LEXIS 19727, at *11 (N.D. Cal. Feb. 14, 2007). "Discouraging forum-shopping provides a strong reason to transfer this case." Madani, 2008 U.S. Dist. LEXIS 9626, at *10-11 (finding "a high likelihood that Plaintiffs' counsel are attempting to forum shop" where "[t]he same counsel, seeking to represent a nearly identical class, filed a earlier lawsuit premised on the same allegedly unlawful activity" in another district but received unfavorable rulings); see also Williams, 2013 U.S. Dist. LEXIS 4185, at *22-23 (transferring case where "the same counsel brings the same claims seeking to represent nearly an identical class, having excised only the day-shift assistant managers when compared to the Gales action.").

The Court is unpersuaded by Plaintiff's attempts to minimize the factual overlap between these two actions. While Plaintiff may seek certification of slightly different class definitions, both actions still involve the same underlying issue of whether Defendants pay "straight time for overtime" in violation of the FLSA. See Madani, 2008 U.S. Dist. LEXIS 9626, at *9-10. The Court is also unpersuaded by Plaintiff's contention that the case should not be transferred because "California has an interest in enforcing its unique wage and hour laws." (TA Dkt. 40 at 6.) Plaintiff has also raised a New York class and FLSA collective that cover employees living across the country. Thus, the Court is unconvinced there is a strong local interest in keeping this case here. Compare Huntsman v. Southwest Airlines Co., 2019 U.S. Dist. LEXIS 121015, at *13-14 (N.D. Cal. July 19, 2019) ("This is a nation-wide putative class-action, so districts all over the country are interested. Because Southwest operates an airline and employs individuals all over the country, its employment policies are of interest in many districts. . . . Whatever local interest the Northern District of Texas has is not so powerful.").

For these reasons, the interests of justice strongly favor transfer of this case to the Northern District of Texas.

**Conclusion**

Based on the evidence and arguments presented by the parties, the Court concludes that transferring this case will better serve the interests of justice and the convenience of the parties and witnesses. Transfer under § 1404(a) is therefore appropriate.[2/] The Court hereby orders the Clerk to transfer this action to the United States District Court for the Northern District of Texas. See 28 U.S.C. § 1404.

IT IS SO ORDERED.

---

[2/] Because the Court has concluded that transfer is appropriate under § 1404(a), the Court declines to address whether transfer is also appropriate under the first-to-file rule.